IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:09CR201-ALM |
| | § | |
| TOBORRANCE DEYOUN MURPHY | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 8, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Kevin McClendon.

On September 15, 2011, Defendant was sentenced by the Honorable United States District Judge David J. Folsom of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Defendant was sentenced to sixty (60) months imprisonment followed by a five (5) years of supervised release.

On July 28, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release. On March 10, 2016, this case was reassigned to United States District Judge Amos Mazzant.

On March 11, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 59 Sealed]. The Petition asserted that Defendant

violated three (3) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime.; (2) Defendant shall probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; and (3) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following acts: (1) On February 27, 2016, Defendant was arrested by the Hughes Springs Police Department for the offense of Assault Causes Bodily Injury; (2) Defendant submitted a monthly report signed by the Defendant on March 1, 2016, in which he denied being questioned by law enforcement or arrested. This was a false statement; and (3) Defendant failed to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer as it relates to this arrest.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations two (2) and three (3) of the Petition, specifically that Defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; and Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. The Government withdrew allegation one (1). Having considered the Petition and the plea of true to allegations two (2) and three (3), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons North Texas region, if appropriate.

**SIGNED this 8th day of April, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE